# COVELLE v. STATE.

No. A-11792. July 1, 1953.

(259 P. 2d 328.)

Moore & Fitzgerald, Stillwater, for plaintiff in error.

Mac Q. Williamson, Atty Gen., and James P. Garrett, Asst. Atty. Gen., for defendant in error.

JONES, J. The defendant, Homer Goetzman Covelle, was charged by an information filed in the county court of Payne county with the offense of driving a motor vehicle on the highway while under the influence of intoxicating liquor; was tried, convicted, and sentenced to pay a fine of $75, and has appealed.

Two assignments of error are presented. First, the trial court erred in overruling the motion for mistrial made during the voir dire examination of the jury. Second, the county attorney erred in displaying to the jury a one-fifth gallon bottle of gin, about one-half full, which was never identified nor introduced in evidence.

The only record made in regard to the first assignment of error is as follows:

"During the examination of the Jury on Voir Dire, the following record was Made.

"(Counsel for State and Defendant and the Reporter now appear at the Judge's Bench, out of hearing of the jury and the following is had and done:)

"Mr. Moore: Comes now the defendant and moves for a mistrial for the reason that the County Attorney stated that Brown Moore appeared as attorney of record for the defendant here at a previous time, which indicates that possibly that this defendant has appeared in this Court before on a criminal charge.

"County Attorney: The County Attorney says that is not a correct statement. I think the Court will recall I said Brown Moore once appeared as attorney of record for the defendant. Obviously the defendant has been arraigned, moreover I think counsel will admit that Brown Moore and he were partners at one time.

"By the Court: I'm going to overrule it and allow you exceptions.

"Mr. Moore: Exceptions."

It is the theory of the defendant that the remark allegedly made by the county attorney was improper and was an attempt on his part to convey to the

jury information that the defendant had been in court at another time on a criminal charge. A dispute appeared between the two attorneys as to the exact statement which was made. Under such circumstances, it would have been proper for the trial judge to have made a finding as to the exact statement which was made. However, for the purpose of disposing of this proposition, we shall assume that counsel for the defendant was correct in his assertion as to what the county attorney stated in his voir dire examination of the jury. Without more appearing in the record, we believe it was the purpose of the county attorney to inquire of the jury as to their acquaintanceship with the Honorable Brown Moore, who was deceased at the time of the trial. The Honorable Brown Moore of Stillwater was a distinguished attorney with a statewide reputation as an excellent trial lawyer. He was the senior partner in the firm of Moore and Moore of Stillwater on the occasion of his untimely death, and no doubt was well known to most, if not all, of the members of the jury panel. If Brown Moore had appeared on arraignment of the accused, of course it would have been permissible for the county attorney to have inquired into any relationship which might have existed between members of the jury panel and the deceased, in order to determine whether any relationship which might have existed could have affected their judgment in the case on trial.

We do not believe that the question of the county attorney constituted error as an attempt to get before the jury information that accused had formerly been in court on another charge, because the record discloses that while the defendant was testifying as a witness in his own behalf, he admitted two former convictions for reckless driving, one of which occurred in Payne county, and the other in Logan county, and if the question asked by the county attorney was with the intent to show accused had been in court on another occasion, it would be harmless, in view of the later admissions of the defendant.

As to the second assignment of error, it appears that the defendant testified that shortly before he was arrested in the city of Stillwater on the instant charge, he had taken a drink out of a pint bottle of gin which he had in his car at the time of his arrest. On cross-examination by the county attorney, the record reveals the following:

"Q. Is this the bottle you are referring to? A. No, sir. Q. What kind of gin did you have? A. I don't remember what kind it was, but it was a pint bottle. Q. You are sure this isn't it. A. Not it. Mr. Moore: I'm going to object to him displaying that to the court and jury—county attorney knows to produce any evidence he has in his possession, he will have plenty of opportunity to introduce that if he has had it in his possession. County Attorney: The part about the gin was brought out on cross examination. By the Court: I am going to sustain it to this extent, and admonish the jury, this hasn't been proven as an exhibit, shouldn't be considered as evidence in this case until properly introduced."

Counsel for the accused assert in their brief that the bottle mentioned by the county attorney was a one-fifth gallon gin bottle about one-half full. We have carefully searched the record, and with the exception of the above-quoted evidence, we find no other reference to this bottle, allegedly displayed to the jury by the county attorney. We are unable to find any place where the size of the bottle is shown, or the amount of intoxicating liquor, if any, which was contained in the bottle. It may have been that the bottle was of the size and had the quantity of liquor in it alleged in the brief of defendant, but before we may consider this assignment of error, the record must affirmatively support the contention, as the burden is upon the appellant to establish error and that he was prejudiced by reason of such error.

The judgment and sentence of the county court of Payne county is affirmed.

POWELL, P. J., and BRETT, J., concur.